UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL JEAN CHARLES,

Plaintiff,

v. Case No. 8:26-cv-33-TPB-CPT

LINEBARGER GOGGAN BLAIR
& SAMPSON,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

Before me on referral is pro se Plaintiff Daniel Jean Charles's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Charles's complaint against Defendant Linebarger Goggan Blair & Sampson (Linebarger), which is a law firm based in Gig Harbor, Washington. (Docs. 1, 1-1). For the reasons discussed below, I respectfully recommend that Charles's IFP Motion be denied, and that his complaint be dismissed without prejudice and with leave to amend.

I.

This case appears to stem from Linebarger's efforts to collect fees and fines from Charles as a result of a traffic violation to which Charles pleaded "No Contest" in or

around 2023. (Doc. 1-1). The gist of Charles's complaint is that Linebarger allegedly "furnished or transmitted consumer information concerning [Charles] to third parties, including a state motor vehicle agency," without "providing proof of authorization, validation, or a lawful permissible purpose" for doing so.[1] *Id.*; *see also* (Doc. 1). According to Charles, he timely contested the accuracy and "legal basis" for the disclosed information and requested, among other things, "a complete accounting" of the citation fees and fines he might owe. *Id.* Charles avers that Linebarger did not conduct such an accounting or a "reasonable investigation" of the matter, nor did it "correct or delete the disputed information[.]" *Id.* Charles further avers that the measures Linebarger undertook were either willful or negligent and caused him to suffer "adverse governmental action, including the suspension or threat of suspension of [his] driver's license." *Id.*

Based on these and other allegations, Charles asserts claims for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. *Id.* For relief, Charles seeks actual, statutory, and punitive damages, as well as an order requiring Linebarger to remedy its errors. *Id.*

In his IFP application, Charles states that he has no income or assets, and that he is "supported by [his] spouse." (Doc. 2). Charles, however, does not supply any

---

[1] Charles asserts that this consumer information included Internal Revenue Service tax forms 1099-A and 1099-C, as well as Committee on Uniform Security Identification Procedures numbers, which are used to label financial securities in North America. (Doc. 1).

financial information about his spouse, apparently on the ground that her funds are "not personally earned or controlled" by him. *Id.*

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution[,] or defense of any suit, action[,] or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A district court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application need not evidence that the litigant is "absolutely destitute," it must establish that the litigant, because of his poverty, is unable to pay the court fees and costs, as well as to provide "necessities for [himself] and [his] dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, "courts will generally look to whether [he is] employed, [his] annual salary, and any other property or assets [his] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021). Courts may also consider the financial wherewithal of a litigant's spouse in determining the litigant's ability to pay court fees and costs. *See Sergent v. Comm'r of Soc. Sec.*, 2023 WL 8375647, at *1 n.2 (M.D. Fla. Nov. 8, 2023) (collecting cases); *see also Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012) ("The income of the party's spouse is particularly relevant and failure

to disclose a spouse's income may result in denial of IFP status.") (citations omitted), *report and recommendation adopted sub nom.*, *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012); *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010) ("Federal courts, which are charged with evaluating IFP [a]pplications, have consistently considered not only an IFP applicant's personal income, but also his . . . other financial resources, including the resources that could be made available from the applicant's spouse, or other family members.").

When an application to proceed in forma pauperis is filed, a district court must also review and dismiss a plaintiff's complaint sua sponte if it finds that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure directs that a court dismiss a case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts have an "independent obligation" to ascertain whether subject-matter jurisdiction exists, "even in the absence of a challenge from any party") (citation omitted).

In evaluating a complaint under this framework, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Jara v. Núñez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court, however, will not "afford [any] presumption of truth to legal conclusions and

recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, although a pro se pleading is to be construed liberally, a court is not to "act as de facto counsel" for an unrepresented litigant, nor is it to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

III.

I begin my analysis with Charles's IFP Motion, which I find to be wanting. As explained above, Charles asserts that he lives off his spouse's income, yet he does not disclose how much she earns or what assets or other monies she possesses. Without these details, I am unable to render an informed assessment as to whether he can afford to pay the court fees and costs. *See Sutton v. Colvin*, 2016 WL 7971445, at *2 (M.D. Fla. July 26, 2016) (denying the plaintiff's IFP application, in part, because the income of the plaintiff's spouse placed the plaintiff's family well above the poverty level), *report and recommendation adopted*, 2016 WL 4431601 (M.D. Fla. Aug. 22, 2016); *Jones v. St. Vincents Health Sys.*, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (rejecting the plaintiff's IFP motion because the plaintiff's total monthly household income, which was derived primarily from his spouse's employment, exceeded the couple's joint monthly expenses).

IV.

Irrespective of whether Charles is indigent, his complaint is subject to dismissal because—at a minimum—it does not abide by the strictures of Federal Rules of Civil

Procedure 8 and 10 and fails to state a valid claim under the FCRA and FDCPA. Each of these shortcomings will be addressed in turn.

A.

Rule 8 mandates, in pertinent part, that a complaint contain "a short and plain statement of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly dictates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the [pleader] has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (internal quotation marks and citation omitted).

Here, in contravention of the above pleading requirements, Charles fails to set forth his FCRA and FDCPA claims in separate counts even though doing so would make the contours of those claims easier for Linebarger and the Court to discern. *See Muhammad v. Flagship Credit Acceptance, LLC*, 2021 WL 9274369, at * 4 (N.D. Ga. June 24, 2021) (directing that the plaintiff assert his FCRA and FDCPA claims "in separate counts"). Moreover, despite being expressly directed to do so in the standard complaint form he utilizes, Charles fails to specify the dates and places that Linebarger

engaged in its supposedly wrongful behavior. Taken singularly or in combination, these pleading defects deprive both Linebarger and the Court of "fair notice" as to the nature and foundation of Charles's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (citation omitted); *see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (observing that "[t]he unifying characteristic" of pleadings that do not comport with Rules 8 and 10 "is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). The fact that Charles is proceeding pro se does not relieve him of his obligation to adhere to the basic pleading standards imposed by the Federal Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) (per curiam) ("Although pro se complaints must be liberally construed, such complaints still must comply with the procedural rules governing the proper form of pleadings."); *accord Simpson v. Recksiedler*, 2025 WL 959158, at *6 n.8 (M.D. Fla. Mar. 31, 2025) (stating that it is a pro se plaintiff's "responsibility to ensure that [his] complaint complies with all applicable pleading requirements and procedural rules") (internal quotation marks and citation omitted). These pleading infirmities alone justify the dismissal of Charles's complaint. *See David v. Kentucky Child Support Agency*, 2021 WL 1840798, at *6 (M.D. Fla. May 7, 2021) (finding that the pleading

flaws in the plaintiff's complaint warranted dismissal); *Cottam v. City of Wildwood*, 2016 WL 6996117, at *1 (M.D. Fla. Nov. 30, 2016) (dismissing a complaint due to pleading deficiencies).

B.

The FCRA was enacted to require that consumer reporting agencies (CRAs) "adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To achieve this purpose, the FCRA places distinct duties on three types of entities: CRAs, users of credit reports, and furnishers of information to CRAs. *See Chipka v. Bank of Am.*, 355 F. App'x 380 (11th Cir. 2009) (citations omitted).

Charles bases his FCRA claims on three sections of the Act. (Doc. 1). The first is section 1681b, which—as pertinent here—prohibits a person from acquiring or otherwise using a consumer report "for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section[.]" 15 U.S.C. § 1681b(f).[2] To prevail on a claim under this provision, a plaintiff must aver that "(1) there was a consumer report, (2) [the d]efendant[ ] obtained it, (3) [the d]efendant[ ] did so without any permissible purpose, and (4) [the d]efendant acted willfully or negligently." *Gadelkareem, v. Miracle Toyota;*

[2] The full text of section 1681b lists the circumstances in which a consumer report can be disclosed under the FCRA. *See generally* 15 U.S.C. § 1681b. None of these circumstances seemingly apply in this case.

*& Murphy Auto Grp. Inc.*, 2026 WL 625967, at *2 (M.D. Fla. Jan. 26, 2026) (citation omitted).

Here, Charles alleges only that Linebarger violated section 1681b(f) because there was no "permissible purpose" for Linebarger's "use, reporting, or transmission of [Charles's] consumer information." (Doc. 1). This conclusory averment is plainly inadequate. *See Gadelkareem*, 2026 WL 625967, at *2 (deeming a "conclusory statement" that the defendant had no "legitimate purpose" for using the plaintiff's credit report to be "insufficient" to support a section 1681b claim); *Hinkle v. CBE Grp.*, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012) (rejecting the plaintiff's perfunctory allegation that the defendant did not have a "permissible purpose" for accessing her credit report).

Charles's next FCRA claim, which rests on section 1681e(b), is similarly lacking. (Doc. 1). Section 1681e(b) states that "[w]henever a [CRA] prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To succeed on a claim under section 1681e(b), a plaintiff must show that (1) "the agency's report contained factually inaccurate information[,]" (2) "the procedures it took in preparing and distributing the report were[ not] reasonable," and (3) the plaintiff suffered "damages . . . as a result." *Matthews v. Experian Credit Bureau*, 2024 WL 3342227, at *2 (M.D. Fla. Apr. 24, 2024) (citing *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021)).

Charles's averments do not support a section 1681e(b) claim in at least two respects. For one, although Charles maintains that the information Linebarger disclosed about him was false, he does not allege facts addressing how it was inaccurate. *See Dixon v. TransUnion Consumer Sols.*, 2025 WL 2835480, at *2 (N.D. Fla. Sept. 5, 2025) (concluding that a plaintiff failed to state a claim under section 1681e(b) because he presented only "generalized and unspecific allegations" which did not demonstrate "*how* the information was inaccurate"), *report and recommendation adopted*, 2025 WL 2831008 (N.D. Fla. Oct. 6, 2025); *Rucker v. Experian*, 2024 WL 5397163, at *4 (N.D. Ga. Dec. 2, 2024) (rejecting a section 1681e(b) claim because the plaintiff's complaint did not contain averments as to how the challenged information was erroneous, or why the plaintiff believed it to be wrong), *report and recommendation adopted*, 2025 WL 945597 (N.D. Ga. Jan. 13, 2025).

For another, Charles's sole allegation relating to the appropriateness of Linebarger's procedures appears to be that Linebarger "failed to conduct a reasonable investigation and . . . to correct or delete" the contested information.[3] (Doc. 1). Such vague and cursory averments are not enough to demonstrate that Linebarger's protocols and policies for "preparing and distributing the report [pertaining to Charles]

---

[3] Several courts in this Circuit have found that a plaintiff's claims concerning a CRA's failure to perform a reasonable investigation are relevant to, and can help dispose of, allegations that the CRA did not follow reasonable procedures to maintain the accuracy of the information in question. *See, e.g., Matthews*, 2024 WL 3342227, at *3 (citing *Padilla*, 2023 WL 4014700, at *4); *Delevante v. Experian Info. Sols., Inc.*, 2024 WL 5337442, at *6 (N.D. Ga. Dec. 26, 2024) (citation omitted), *report and recommendation adopted*, 2025 WL 945586 (N.D. Ga. Jan. 24, 2025); *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011).

were[ not] reasonable." *Matthews*, 2024 WL 3342227, at *2; *see also Padilla*, 2023 WL 4014700, at *4 (dismissing the plaintiff's section 1681e(b) claim, in part, because the plaintiff "ma[de] solely conclusory allegations as to the unreasonableness of [the d]efendants' investigative procedures").

Charles's remaining FCRA claim, which is grounded on section 1681s-2(a), likewise fails. Section 1681s-2(a) provides, as relevant here, that "[a] person shall not furnish any information relating to any [CRA] if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The problem with Charles's reliance on section 1681s-2(a) is that it does not create a private right of action. *See Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1366 (11th Cir. 2024) ("Consumers have no private right of action [under the FCRA] against furnishers for reporting inaccurate information to [CRAs] regarding consumer accounts[, . . . except pursuant to section] 1681s-2(b).") (quoting *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018)); *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (observing that section 1681s-2(a) "explicitly bars private suits for violations" of that provision).[4]

C.

Congress passed the FDCPA "to eliminate abusive debt collection practices by debt collectors," to ensure that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

[4] Given the identified deficiencies with Charles's FCRA claims, I do not address whether those claims are defective in other respects, such as whether Linebarger constitutes a CRA.

consistent State action to protect consumers against debt collection abuses." *Glover v. Ocwen Loan Servicing, LLC*, 127 F.4th 1278, 1284 (11th Cir. 2025) (quoting 15 U.S.C. § 1692(e)). Under the FDCPA, debt collectors are forbidden from making "false or misleading representations" and from employing "abusive and unfair practices in connection with the collection of any debt." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1302 (11th Cir. 2015). To assert a valid FDCPA claim, a plaintiff must aver that (1) he "has been the object of collection activity arising from consumer debt," (2) "the defendant is a debt collector as defined by the FDCPA," and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000)); *see also Branch v LVNV Funding, LLC*, 2026 WL 2224699, at *3 (M.D. Fla. Aug. 3, 2026) (same) (quoting *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1243 (M.D. Fla. 2019)).

Charles's FCDPA count is fatally flawed here. As initial matter, he does not delineate the FDCPA provisions under which he is proceeding. Furthermore, while he refers to Linebarger as a "Debt Collection Law Firm" (Doc. 1), he does not set forth sufficient facts demonstrating that Linebarger is a debt collector as defined in the FDCPA. *See* 15 U.S.C. § 1692a(6). These shortcomings alone render Charles's FDCPA claim subject to dismissal. *See Kennedy v. Carmax Inc.*, 2023 WL 3822061, at *3 (M.D. Fla. May 15, 2023) (dismissing the plaintiff's FDCPA claim due, in part, to the plaintiff's failure to "identify a single specific provision of the FDCPA that [the]

defendant[ ] allegedly violated"), *report and recommendation adopted*, 2023 WL 3821100 (M.D. Fla. June 5, 2023); *Shepard v. Arrons*, 2015 WL 13792366, at *2 (M.D. Fla. Oct. 9, 2015) (ruling that the plaintiff's FDCPA claim was improperly pleaded because, inter alia, it "[did] not allege what section(s) of the FDCPA" it was based upon and also "[did] not allege . . . that [the defendant was] acting as a debt collector [as defined] under the FDCPA"); *see also Shamoil v. Citizens Fin. Grp., Inc.*, 2021 WL 9598097, at *2 (N.D. Ga. July 26, 2021) (finding that the plaintiff did not state a viable FDCPA claim where, among other things, "[t]here [we]re no allegations in the [plaintiff's c]omplaint showing that [the d]efendant [wa]s an entity that satisfie[d] the FDCPA's definition of 'debt collector'").[5]

V.

Notwithstanding the above pleading and substantive issues, I respectfully submit that the Court should dismiss Charles's complaint without prejudice and with leave to amend so that he can attempt to correct these problems. *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("[P]laintiff[s] ordinarily should get one opportunity to amend [their] complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). If Charles elects to file a revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing so. Charles may obtain advice, for instance, through the "Legal Information

[5] Given the dispositive nature of these infirmities, I need not examine whether Charles's FDCPA is otherwise wanting.

Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit free, limited guidance from attorneys on the procedures governing federal cases. To participate in this program, pro se litigants may schedule in-person or virtual appointments by calling the Clerk's Office at (813) 301-5400 or by visiting the Clerk's Office check-in window.[6] Appointments are available on Tuesdays between 1:00 p.m. and 2:30 p.m. Walk-ins are accepted as time allows as well. A brochure with more information about the program is available on the Court's website, which can be found at www.flmd.uscourts.gov/legal-information-program.

In addition to the "Legal Information Program," Charles may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, along with various forms for parties in federal lawsuits to use.

VI.

In light of all the above, I respectfully recommend that the Court:

1. Deny Charles's IFP Motion without prejudice (Doc. 2) and direct that no later than thirty days (30) after the Court's Order, Charles either pay the filing fee or fully complete and file a new IFP Motion, which includes all pertinent financial

---

[6] The Clerk's Office is located on the Second Floor of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

information concerning Charles and his spouse and which utilizes the "Long Form" application available on the Court's website at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees.

2. Dismiss Charles's complaint without prejudice (Doc. 1).

3. Grant Charles leave to file, within thirty (30) days of the Court's Order, an amended complaint that sufficiently pleads one or more cognizable causes of action over which the Court has jurisdiction and which conform to the pleading requirements set forth in the Federal Rules.

4. Caution Charles that a failure to abide by these directives may result in the dismissal of his case without further notice.

Respectfully submitted this 8th day of August 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Pro se Plaintiff